IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARRINGTON OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-00293 |
| ) | Judge Trauger |
| CORECIVIC, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Carrington Owens, an inmate of the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP), that is, without prepaying fees or costs. (Doc. No. 6.)

The case is before the court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from the plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 6) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350 civil filing fee. The warden of the facility in which the plaintiff is currently housed, as custodian of the plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an

initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility where the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

**II. Initial Review of the Complaint**

    **A. PLRA Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, *pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

### B. Section 1983 Standard

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, the plaintiff must allege two elements: (1) a deprivation of

3

rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**C. Allegations and Claims**

In the complaint and an addendum thereto,[1] the plaintiff alleges that most of his personal property was stolen from his cell while he was working at his job in the TTCC Education Department. The theft of the plaintiff's property occurred shortly after he was moved from a minimum-custody pod to a medium-custody pod, and he promptly catalogued the missing items —which included a television, remote control, and headphones—in a report of loss that he filed in a timely fashion with the proper officials. Aside from two TTCC officials who attempted to help the plaintiff resolve the issue of his property loss, there was no official response to his stolen property claim form, even after he updated that claim form and the catalogue of missing items and resubmitted his claim through the prison mail system. The plaintiff's family eventually attempted to order replacements for the lost items and to contact officials within the TTCC administration. However, the plaintiff was told that replacement items could not be delivered while his claim of property loss remains unresolved, and his parents' calls have not been returned. The plaintiff sues CoreCivic, Inc. (the private corporation that manages TTCC) and multiple officials employed by CoreCivic at TTCC for violating his constitutional rights with respect to his lost property and his attempts to replace it, seeking compensatory damages corresponding to the value of his property, the loss of its use, and his emotional pain and suffering. (Doc. No. 1 at 5–6; Doc. No. 7 at 2–3.)

---

[1] One month after filing his complaint, the plaintiff filed a document under the caption "42 U.S.C. § 1983 Prisoner Civil Rights." (Doc. No. 7.) This filing recapitulates the allegations and claims of the complaint, without making any substantive changes or additions. The court construes this filing as an addendum to the complaint.

**D. Analysis**

The plaintiff asserts that the defendants' failure to provide an appropriate remedy for the loss of his property violated his constitutional rights under the Sixth, Eighth, and Fourteenth Amendments. (Doc. No. 1 at 3.) Because "[a] prisoner's claim arising from the loss of personal property is [only] actionable under 42 U.S.C. § 1983" if the prisoner alleges denial of "due process safeguards guaranteed to him by state law," *Waller v. Transcor America, LLC*, No. 3:07-0171, 2007 WL 3023827, at *5 (M.D. Tenn. Oct. 11, 2007), the court will analyze the complaint against CoreCivic and its employees—who are state actors for purposes of Section 1983, *see Shannon v. Risper*, No. 3:20-cv-00518, 2020 WL 5407729, at *2 (M.D. Tenn. Sept. 8, 2020) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996))—under the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment protects against the unlawful taking of a person's property by public officers. However, the Supreme Court has held that, where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Because the plaintiff's claims are premised upon the allegedly unlawful inaction of state actors, he must plead and prove the inadequacy of state post-deprivation remedies to state a federal claim. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Torrez v. Corr. Corp. of Am.*, No. CV 10-2093-PHX-MHM, 2010 WL 4922876, at *5–6 (D. Ariz. Nov. 29, 2010) (holding that "availability of a common-law tort suit against a private prison employee constitutes an adequate post-deprivation remedy" that "precludes a claim for violation of due process").

Under settled Sixth Circuit law, a prisoner's failure to plead the inadequacy of state post-

5

deprivation remedies requires dismissal of his Section 1983 due process action. *Copeland*, *supra*; *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985). The plaintiff has failed to plead that critical fact in this case. Moreover, the Sixth Circuit has expressly held that "the State of Tennessee has provided adequate procedures to assure the return of items either negligently or intentionally converted, *see* Tenn. Code Ann. § 9-8-[3]07, and in the absence of resort to state remedies, we do not believe that a federal court may assert jurisdiction." *Brooks*, 751 F.2d at 199. Therefore, despite the plaintiff's allegation that he was unfortunately "forced to appeal before an outside court system in order for the defendants to take his claim seriously" (Doc. No. 1 at 5), his failure to plead the inadequacy of a post-deprivation appeal to the *state* court system requires the dismissal of his federal case.

Finally, the court notes that while the plaintiff appeals to equal protection principles based on the alleged inequity in his treatment at the privately managed TTCC, as compared with "inmates at state-controlled facilities [who] enjoy timely assistance in administrative matters" (*id.*), he fails to allege that class-based "discriminatory intent or purpose was a factor in the decision of the [defendant] prison officials." *Copeland*, 57 F.3d at 480; *see also McGaughy v. Johnson*, 63 F. App'x 177, 178 (6th Cir. 2003) (affirming requirement that equal protection claimant be "a member of a constitutionally protected class" and face intentional discrimination "because of his membership in that protected class"). Rather, he alleges that being housed in an understaffed, privately managed state prison facility results in a disparate impact upon his ability to secure a timely remedy on his administrative claim. Because "mere disparate impact is insufficient to demonstrate an equal protection violation," *id.* at 481 (citing *Horner v. Kentucky High School Athl. Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994), any equal protection claim the plaintiff attempts to assert based on that disparity is subject to dismissal.

6

### III. Conclusion

In light of the foregoing, the plaintiff's application to proceed IFP (Doc. No. 6) is **GRANTED**, and the $350 filing fee is **ASSESSED** in accordance with this order.

As described above, the court finds that the complaint fails to state a claim upon which relief can be granted. This action is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to the plaintiff's ability to pursue appropriate relief in state court.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge